**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-21675-CIV-TORRES

WILLIE L. WILLIAMS,

*Plaintiff*,

v.

NORTHSIDE POLICE DEPT., *et al*,

*Defendants*.

_______________________________________/

**ORDER DENYING IN FORMA PAUPERIS STATUS**

This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* [D.E. 3], the Court's subsequent Orders denying motion for leave to proceed *in forma pauperis* [D.E. 4, 16, 19]; Plaintiff's Amended Complaint [D.E. 17]; and Plaintiff's "memorandum" [D.E. 20] that was filed in response to the Court's last Order to Show Cause.[1]

***A. Procedural History***

In the Court's Order entered on June 16, 2025, the Court initially denied Plaintiff's motion to proceed *in forma pauperis*, after concluding that we could not "discern what federal constitutional violation is being alleged":

---

[1] Plaintiff consented to Magistrate Judge jurisdiction over the action under 28 U.S.C. § 636. [D.E. 12].

> Disagreement with a traffic citation is not enough, because an aggrieved driver is permitted to raise defenses before a state judge or traffic officer and seek dismissal of a citation if the facts show that no violation occurred. This complaint does not allege that he was denied in any way the right to present his defenses or seek relief in state court. Nor does he allege that he was arrested at the time of the citation in an unconstitutional manner. Nor does he allege that his property has not been returned to him following the citation. . . . In sum, without a showing of cause, either in the form of a written response to this Order or even better an amended complaint that addresses these pleading issues, the Court presently cannot find a basis to exercise jurisdiction under 42 U.S.C. § 1983.

[D.E. 4 at 3–4]. The Court directed that Plaintiff either submit an amended complaint addressing the issues identified in the Order, or that "Plaintiff may elect to proceed with his current complaint but then must submit the required filing fee with the Clerk of Court in order to prosecute this action." *Id.* at 4. In any event, Plaintiff was Ordered to show cause by June 30, 2025. [D.E. 4].

Plaintiff did not. So, Plaintiff was again ordered to show cause on October 13, 2025, when the Court granted his motion for referral to the volunteer attorney program [D.E. 7], but noted that:

> Plaintiff has not responded to the Court's Order to Show Cause entered June 16, 202[5] [D.E. 4]. The Court required the filing of an amended complaint or otherwise a showing why the current complaint is not frivolous. Alternatively, Plaintiff may file with the Clerk of Court the requisite filing fee and prosecute the action on the current complaint.

[D.E. 8]. The Court also put the Plaintiff "on notice that failure to respond in some manner to this Second Order to Show Cause may result in dismissal of the action." *Ibid.*

No response was filed even after many months passed so the Court then issued a Final Order to Show Cause on April 1, 2026. [D.E. 16]. This time Plaintiff

responded by filing an amended complaint on April 21, 2026. [D.E. 17]. As Plaintiff had not yet paid the filing fee, we assumed Plaintiff was still seeking *in forma pauperis* status and thus evaluated the Amended Complaint on that basis.

In accordance with section 1915, the Court once again reviewed the now Amended Complaint to determine if it warranted *in forma* pauperis treatment. Following that review, the Court found that the factual allegations of the Amended Complaint were even less substantial than the initial Complaint. [D.E. 19]. Contrary to the requirements of Fed. R. Civ. P. 8, the Amended Complaint was a jumble of statutes and cases without any further context or factual allegations tying the alleged wrong to *why* that statute or other federal ground would apply. The Court thus Ordered, for one final time, that Plaintiff either filed another amended complaint that addressed the many deficiencies cited in the Order, or otherwise file the requisite filing fee if he opted to proceed on the Amended Complaint. [D.E. 19 at 7-8].

Once again, Plaintiff timely responded to this Order to Show Cause by filing a "memorandum" on July 22, 2026 [D.E. 20] that further refined the nature of the facts and claims that Plaintiff sought to pursue. In this memorandum, which we will treat as Plaintiff's Second Amended Complaint for purposes of section 1915 review, Plaintiff more concisely and intelligibly alleges that on March 13, 2024, Miami-Dade Sheriff's officers detained Mr. Williams for roughly two hours near NW 47th Street and NW 29th Avenue for operating a motor vehicle without a driver's license, insurance, or registration. Plaintiff's vehicle was then towed by a private company (Downtown Towing) where it sustained damage. Plaintiff was forced to pay a "ransom

fee" to recover it. The resulting citations were later dismissed in state court for lack of evidence. He describes himself as an "Indigenous living man" engaged in "non commercial, private travel." So he concludes that his detention for a driver's license violation was the cause of injuries to himself and his property.

Based on these facts, the Second Amended Complaint presents three "Issues Presented" that ask whether the State may require a license for noncommercial travel, whether the statutory word "driver" reaches private conveyance, and whether licensing is an unenforceable contract of adhesion. The requested relief includes a declaration that travel is a fundamental right, an injunction against enforcing license requirements against him, and damages totaling well over $10 million. Plaintiff concludes that these facts warrant judgment in his favor declaring the state's driver's license requirement unconstitutional and awarding damages he suffered from his detention and the damage to his vehicle.

### ***B. <u>Analysis</u>***

A critical element of the process for determining if a plaintiff can proceed *in forma pauperis* is assessing whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a))]. Federal Rule of Civil Procedure 8 governs in terms of stating a claim for relief:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

In enforcing these requirements, we are bound to follow the established rule that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Section 1915(e)(2)(B) directs the court to dismiss an IFP case "at any time" if the action is frivolous or malicious, or otherwise fails to state a claim. *Bilal v. Driver*, 251 F.3d 1346, 1348–49 & n.5 (11th Cir. 2001).

A claim is frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal*, 251 F.3d at 1349 ("without arguable merit either in law or fact") (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (as quoted in *Bilal*: plaintiff has "little or no chance of success"). Legal frivolousness covers claims based on an indisputably meritless legal theory, including claims of infringement of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327.

When a complaint presents an arguable question of law that the court ultimately resolves against the plaintiff, dismissal for failure to state a claim is appropriate, but dismissal as being frivolous is not. *Id.* at 328. Frivolousness determinations are reviewed for abuse of discretion; failure-to-state dismissals de novo. *Bilal*, 251 F.3d at 1348-49. *Bilal* also instructs that the judgment and docket

should make clear which clause is the basis for dismissal. *Id.* at 1349 n.4. Of course, a complaint could also be dismissed on both grounds under the amendment to the section 1915 in the Prison Litigation Reform Act. *See, e.g., Irizarry v. Sec'y, Florida Dep't of Corrections*, 2021 WL 3231163, at *2 (11th Cir. July 22, 2021) ("we agree with the district court that Irizarry's complaint failed to state a claim and that his appeal of that order is frivolous.").

The constitutional right to travel, as the Supreme Court has described it, protects (1) a citizen's right to enter and leave another State, (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily in another State, and (3) for those who relocate, the right to be treated like other citizens of the new State. *Saenz v. Roe*, 526 U.S. 489, 500 (1999). The Eleventh Circuit recognizes the right to *interstate* travel as fundamental. *Doe v. Moore*, 410 F.3d 1337, 1348 (11th Cir. 2005). But there is no such fundamental right to *intrastate* travel, as the Fifth Circuit found in *Wright v. City of Jackson,* 506 F.2d 900, 901-02 (5th Cir. 1975). And even in the case where the right to interstate travel is implicated, "mere burdens on a person's ability to travel from state to state are not necessarily a violation of their right to travel." *Doe,* 410 F.3d at 1348 (citing *Saenz,* 526 U.S. at 499).

Here the complaint focuses on the state's licensing requirement for those who are not commercial drivers as the lynchpin of the constitutional violation. That argument runs aground from the outset, however, based in part on the foundational case of *Hendrick v. Maryland*, 235 U.S. 610 (1915). There a District of Columbia resident drove his own car into Maryland and was fined for lacking that state's

registration. The Court held that a State may prescribe regulations necessary for public safety governing the operation on its highways of all motor vehicles, those in interstate commerce "as well as others," and to that end may require registration of vehicles and licensing of drivers, all in the exercise of the police power. 235 U.S. at 622. It specifically rejected the argument that the law interfered with citizens' right to pass through the State; the statute "at most" regulated the operation of dangerous machines on the highways. *Id.* at 624.

Later Supreme Court cases treat a driver's license as an interest protected by *procedural* due process, not as a fundamental right. *Dixon v. Love*, 431 U.S. 105, 112, 114 (1977) (Due Process Clause applies to State's deprivation of a license; analysis followed under *Mathews v. Eldridge*); (noting the "important public interest in safety on the roads and highways"). As a result, there is no constitutional violation if a driver's license is suspended automatically upon conviction for multiple traffic violations. *Id.* at 114-15. Similarly, there is no constitutional violation, either under the Fourth Amendment or the Due Process clause, when a person is detained by a police officer if there is reason to believe he or she is unlicensed or the vehicle lacks registration. *See Delaware v. Prouse*, 440 U.S. 648, 663 (1979).

Applying these basic principles, the Eleventh Circuit recognized that possession of a driver's license is a state-created right that does not receive substantive due process protection. *Burlison v. Rogers*, 311 F. App'x 207, 208 (11th Cir. 2008) (per curiam) (unpublished) (citing *McKinney v. Pate*, 20 F.3d 1550, 1555–56 (11th Cir. 1994) (en banc)). *Burlison* affirmed a § 1915(e)(2)(B)(ii) dismissal, not a

frivolousness dismissal, but it did not directly address the right to travel as a specific constitutional source of the unfettered right to have a driver's license. Of course, given that the Circuit had found no right to intrastate travel, it is not surprising that the argument was not raised in that case beyond the broader claim that possession of a license was deserving of substantive due process protections. *Id.* at 208-09.

But the Ninth Circuit did address the right to travel argument in a case called *Miller v. Reed*, 176 F.3d 1202 (9th Cir. 1999), which held that burdens on a single mode of transportation do not implicate the right to interstate travel, *id.* at 1205, and that there is no fundamental "right to drive," *id.* at 1206. The court described the travel claim as "chimerical." *Id.* at 1208. This principle has been followed repeatedly in our circuit by district courts presented with claims like Plaintiff's. *See, e.g., Richardson v. David,* 2026 WL 887394, at *2 (N.D. Ga. Mar. 30, 2026) (the right to travel does not encompass a fundamental right to drive, "much less to drive without a state-mandated driver's license or license plate.") (dismissing claim under Rule 12(b)(6), without prejudice and with leave to amend); *Cuyler v. Jefferson Cnty. Sheriff Dep't,* 2014 WL 274055, at *1 (N.D. Fla. Jan. 23, 2014) ("The linchpin of the plaintiff's claims is that the State of Florida cannot constitutionally require him to have a driver's license and to register his vehicle as a prerequisite to driving for noncommercial purposes on the public roads. The assertion is frivolous."); *Fleming v. Florida*, 2025 WL 979386 (M.D. Fla. Apr. 2, 2025) (right to travel does not include a fundamental right to drive, enforcing Fla. Stat. § 322.03(1)(a)); *Bey v. Gee,* 2015 WL 4751631 (M.D. Fla. Aug. 11, 2015) (no fundamental "right to drive" without a license

or tag, following *Miller* and *Burlison*); *Perkins v. Florida Highway Safety*, 2024 WL 3927015, at *3 (M.D. Fla. July 23, 2024), *report and recommendation adopted,* 2024 WL 3917604 (M.D. Fla. Aug. 22, 2024) (rejecting plaintiff's argument that freedom to operate his motor vehicle within the State of Florida has been infringed by Defendants' suspension of his driver's license).

Consequently, the Court finds that Plaintiff's Second Amended Complaint complies with Rule 8, but now that it does it is clear that Plaintiff's theory of liability and damages is implausible as a matter of law. Indeed, given the state of the law based on Supreme Court cases reenforcing the licensing and registration requirements under a whole host of situations, it is frivolous to claim that a driver's license requirement, and the enforcement of that requirement to non-commercial drivers, implicates any substantive constitutional right. And even if not frivolous, such a claim is clearly not plausible or viable as a matter of law.

Accordingly, the Court finds that Plaintiff has complied with the Court's previous Orders to Show Cause in terms of Rule 8 compliance. But his now Second Amended Complaint cannot pass muster under section 1915 because it is frivolous or otherwise cannot state a plausible claim. Plus, because the Court has granted Plaintiff so many opportunities to amend his claims and present a viable complaint, no further amendments will be permitted at this point. The options for Plaintiff are as follows:

1. Plaintiff can file a Rule 41 dismissal of all his claims, in which case the Court will dismiss the complaint with prejudice but assess no costs against him given that Defendant has not been served with summons into the case;
2. Plaintiff can insist on his demand that the Court fully adjudicate his Second Amended Complaint, which the Court will grant but Plaintiff must then file the Clerk's filing fee to prosecute the action and incur the costs of service of the summons and complaint (as well as possible costs under 28 U.S.C. 1920 if he is found to be the non-prevailing party in the action). The Court finds that Plaintiff cannot be treated as in forma pauperis in this case; or
3. Plaintiff can seek to appeal this Order by filing notice of his intent to appeal. In that case, the Court will enter a dismissal with prejudice under 28 U.S.C. 1915, which Order would then entitle appellate review as per Fed. R. App. P. 4.
4. Plaintiff has twenty-one (21) days from this Order to comply by responding in form or another as directed. Failure to comply with the Order will result in the entry of a final Order of dismissal with prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of November, 2026.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge